The opinion of the Court was delivered by
Evans, J.
The first question made in this case is, whether the appeal shall be heard. The verdict of the jury on the trial of the suggestion was rendered on Friday, and -the notice of appeal should, in strictness, have been given on Saturday. But this is not like an ordinary case, where the verdict settles all the matters in dispute. The trial of the issues was only a preliminary to the decision of the main question, whether the applicant should be discharged; and until this was finally decided, we think the defendant’s counsel might very well suppose his notice would suffice if given within time after the Judge had given his final decision.
If the defendant has a right to appeal, has he shewn any *293 grounds to impeach the verdict and the decision of the Recorder upon it ? The objection made to his discharge is, that he has given an undue preference to other creditors over the plaintiff.— This question arises on the construction of the prison bounds Act of 1788, (5 Stat. 79). The 7th section of that Act, after declaring in what other cases the prisoner shall not be entitled to the benefit of the Act, says, “ or who shall have, within three months before his or her confinement, or at any time since, paid or assigned his estate, or any part thereof, to one creditor m preference to another, or fraudulently sold, conveyed or assigned his estate to defraud his creditors.” And in a subsequent part it is declared that, “ wherever a prisoner shall be accused by the plaintiff or his agent of fraud, or undue preference to one creditor to the prejudice of the plaintiff, or of having made a false return,” &c. the Judge shall direct a jury to be empannelled to try the issue.
The 6th and 7th specifications charge that the prisoner, after his arrest, and whilst under arrest at the plaintiff’s suit, voluntarily paid or assigned his estate, or part thereof, to a creditor in preference to the plaintiff. Of this the jury have found him guilty. Is there any thing in it which, by the Act, prevented the prisoner’s discharge? This was an application for a discharge on mesne process on which the defendant was held to bail, and had been surrendered by his bail. The arrest spoken of, must mean his arrest on the bail writ. If a man should be arrested on a bail writ, and before he gave bail should pay a just debt to another creditor, and should two years afterwards be arrested on final process, or surrendered by his bail, would he, on that account, be deprived of the benefit of the Act? The law allows a man to prefer one creditor to another, and the restriction is, that he shall not do so within three months before his confinement, with a fraudulent intent to the prejudice of the plaintiff. It is manifest that the confinement spoken of in the Act, means the confinement from which he has petitioned to be discharged, and the word undue, by all our cases, has been held to mean fraudulent, or done with the intent to hinder, delay or defeat the *294 plaintiff from the recovery of his debt. Dobson vs. Teasdale, (4 McC. 81); Smith, Wright & Co. vs. Campbell & Co. (Rice, 367); Robinsons & Caldwell vs. Amy, (1 Rich. 289). From this review, I think it very clear there is nothing in the 6th and 7th specifications which deprives the defendant of the benefit of the Act.
The 8th specification is in these words, viz : — “ that the said H. Grube, after his arrest, and whilst uuder arrest at the plaintiff’s suit, with the intention to hinder and defeat the said H. Bulwinkle from being paid, voluntarily and fraudulently paid or assigned the whole of his estate and effects to one Henry Bul-wmkle.” If this was intended as an objection on account of undue preference, the intent may be sufficiently assigned, but it is still open to the objection that it is not alleged that 'it was within three months before his confinement or since. 1 think there is little doubt it was so intended, because in' the 7th, H. Bulwinkle is alleged to be a creditor. But if the words should be construed into an accusation of fraud, then it is clear there is no proof. The evidence is, that Grube confessed a judgment to Waterman to cover future advancements; that the debt to H. Bulwinkle, jr. was contracted on Waterman’s guaranty, and was, in fact, one of the debts which the judgment was intended to cover, and was paid out of the money for which the store was sold to Waterman. At first we were inclined to the opinion that there was nothing in the finding of the jury which should have prevented the discharge, but as it appears from certain certificates, which have been furnished, that the preference given to Waterman was, in fact, within three months before the confinement j>f the defendant by the surrender of his bail, we have concluded to grant a new trial, although we do not see how it can benefit the plaintiff, as I think it very clear there was nothing fraudulent or prejudicial to the plaintiff, by the assignment to a judgment creditor of the defendant’s estate at a full and fair price.
The legality or propriety of the Recorder’s committing the defendant to the prison, has been questioned in the argument in *295 this case. A man has a right to appeal, and until his appeal is decided, there is no final decision, and to punish a man before judgment, is a reversal of the order of events; besides, I do not think it very clear that one convicted of undue preference can be punished in this way. The 10th section of the Act of 1788, applies only to those who have been convicted of rendering a false schedule. We are of opinion there should be a new trial, and that, in the mean time, the defendant is entitled to go at large under the prison bounds bond.-
O’Neall, Wardlaw, Frost and Withers, JJ. concurred.

New trial ordered.